STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| | } | |
| In re: Tenney Notices of Violation | } | Docket Nos. 169-9-03 Vtec, |
| (Appeals of Tenney) | } | 186-9-07 Vtec, and 70-4-08 Vtec |
| | } | |
| | } | |

|  |  |  |
|---|---|---|
| | } | |
| Town of Lincoln, | } | |
| Plaintiff, | } | |
| | } | |
| v. | } | Docket Nos. 226-12-03 Vtec and 261-11-07 Vtec |
| | } | |
| Richard T. Tenney, | } | |
| Defendant. | } | |
| | } | |

<u>Decision and Order on Motion to Reconsider and/or Alter or Amend</u>

The Town of Lincoln has moved to reconsider and/or to alter or amend the judgment issued in the five above-captioned cases. Defendant-Appellant Richard T. Tenney (Defendant-Appellant) is represented by Jon Anderson, Esq. and David W. Rugh, Esq. The Town of Lincoln is represented by Amanda S.E. Lafferty, Esq. Interested parties Clifford and Jennifer Kile entered appearances in all but Docket No. 70-4-08 Vtec, representing themselves. Although Mr. Kile testified at trial, the Kiles did not take a position either on the merits or on the present motion.

Defendant-Appellant Tenney appealed from three decisions of the Zoning Board of Adjustment (ZBA) of the Town of Lincoln, which had upheld three separate notices

1

of violation issued against him in 2003, in April 2007, and in September 2007.[1]  The Town of Lincoln also brought two enforcement cases against Mr. Tenney, one in 2003 related to the 2003 Notice of Violation, and one in 2007 related to the April 2007 Notice of Violation.[2]  After trial, the parties engaged in a lengthy period of discovery related to the attorney's fees incurred by the Town and their attribution to work on the various cases involved with this property.

On August 14, 2009, the Court issued a decision and order in the above-captioned cases (August 2009 Decision).  The August 2009 Decision resolved the 2003 violations in favor of the Town of Lincoln, but resolved the 2007 asserted violations in favor of Defendant-Appellant.[3]

In connection with the 2003 violations, the Court entered judgment in favor of the Town of Lincoln in Docket Nos. 169-9-03 Vtec and 226-12-03 Vtec and imposed a $4771.52 penalty.  See August 2009 Decision, at 11–13.  In the August 2009 Decision, the Court sought to calculate a penalty in this case fairly attributable to the 2003 violations, on which the Town prevailed.

The Court determined that the period of violation regarding the 2003 violations, independent of the 2007 asserted violations, ran from April 24, 2003, through the end of

[1]  The September 2007 Notice of Violation was still on appeal to the ZBA at the time of the trial in the 2003 and 2007 cases; that ZBA decision was issued in March 2008 and was appealed to Environmental Court as Docket No. 70-4-08 Vtec, while the parties were engaged in post-trial discovery and had postponed the briefing schedule on the merits.  The parties agreed that no additional evidence was necessary to resolve the September 2007 notice of violation appeal, and that any additional arguments relating to the new appeal could be presented in the parties' post-trial briefs.

[2]  Two other cases related to the property at issue in the above-captioned cases, Docket Nos. 170-9-03 Vtec and 217-11-04 Vtec, were resolved in mid-December of 2006 with the grant of a zoning permit and septic system permit to Mr. Tenney for the placement of a mobile home on the property.  The 2003 enforcement cases had been placed on inactive status while the two permit cases were litigated.

[3]  The Court entered judgment in favor of Defendant-Appellant in Docket Nos. 186-9-07 Vtec, 261-11-07 Vtec, and 70-4-08 Vtec.

2

January 2007. By affidavit, the Town had presented evidence that it had expended $4771.52 on the 2003 enforcement action through the end of January 2007, that is, during the period of that violation. The Court therefore imposed a penalty of $4771.52, based on the evidence presented by the Town regarding the expenses it incurred flowing from the 2003 enforcement action and its associated notice of violation appeal. As stated in the decision, the Court imposed a penalty in that amount "in recognition of the Town's expenditures on [the 2003] enforcement action during that time period." August 2009 Decision at 13; see also City of St. Albans v. Hayford, 2008 VT 36, ¶ 18, 183 Vt. 596 (The Court has "broad discretion" to base a penalty, among other factors, "on the attorney's fees and other costs incurred by the town in bringing the enforcement action."). The Court also took into account "that only a very minor portion of the violation remained (in Area C) after July 14, 2004," as well as the fact that Defendant-Appellant "did prevail on the remaining [2007] enforcement matters." August 2009 Decision, at 11, 13.

The Town had submitted two separate affidavits from Selectboard member Will Sipsey regarding attorney's fees paid by the Town. One was admitted into evidence at trial as Town's Exhibit I (January 2008 affidavit); the other was submitted on December 19, 2008 (December 2008 affidavit), in connection with a motion for default judgment filed only in Docket No. 261-11-07 Vtec, the 2007 enforcement action.

The January 2008 affidavit stated amounts, listed by month and year, that the Town paid in attorney's fees and legal costs "[f]or the Town's enforcement cases against Mr. Tenney." The January 2008 affidavit did not distinguish between the payments attributable to the 2003 enforcement case, Docket No. 226-12-03 Vtec, and the payments attributable to the 2007 enforcement case, Docket No. 261-11-07 Vtec. The January 2008 affidavit covered the time period between December 2004 through January 24, 2008. Paragraph 4 of the January 2008 affidavit stated that these amounts did not include amounts "paid in connection with Mr. Tenney's appeals of permit denials or notices of violation." The January 2008 affidavit showed that the Town expended $4771.52 on the

2003 enforcement action through the end of January 2007. Between the end of January 2007 and the beginning of April 2007, the January 2008 affidavit showed that the Town expended an additional $785.05.

The December 2008 affidavit stated amounts, listed by month and year, that the Town paid in attorney's fees and legal costs, but, unlike the January 2008 affidavit, it allocated those costs exclusively to the enforcement of the 2007 violations. Paragraph 3 of the December 2008 affidavit specifically stated that the expenses were incurred by the Town "[f]or the Town's enforcement cases <u>in Docket No. 261-11-07 Vtec</u> against Mr. Tenney." (Emphasis added.) The December 2008 affidavit was filed with two other affidavits pertaining only to a motion for default judgment filed on December 19, 2008, only in Docket No. 261-12-07 Vtec, the enforcement action for the 2007 violations.[4] All three attached affidavits were referenced in the default motion memorandum. See Town of Lincoln's Motion for Default Judgment in Docket No. 261-11-07 Vtec, at 4 (stating that the Town had submitted certain affidavits, including "an affidavit regarding the amounts due to the [Town]").

The December 2008 affidavit covered the time period between April 2007 through November 2008. It reflected the same monthly amounts as had the January 2008 affidavit for the months of April through December of 2007. Paragraph 4 of the December 2008 affidavit repeated the statement from the January 2008 affidavit that the amounts stated in the affidavit did not include amounts "paid in connection with Mr. Tenney's appeals of permit denials or notices of violation." The total amount attributed in the December 2008 affidavit as being "[f]or the Town's enforcement cases in Docket No. 261-11-07 Vtec," from April 2007 through November 2008, including the trial in

---

[4]  On December 19, 2008, the Town also filed its proposed findings of fact and conclusions of law on the merits of all the cases, and also filed a motion for summary judgment in the 2007 enforcement case and related notice of violation appeal (Docket Nos. 261-11-07 Vtec and 186-9-07 Vtec) and to dismiss Docket No. 70-4-08 Vtec relating to the September 2007 notice of violation.

4

January 2008, was $12,638.32. Of that amount, $10,902.91 was expended from December 2007 through November 2008, that is, from trial preparation through trial and the post-trial briefing.

In the present motion, the Town of Lincoln has moved for reconsideration and/or to alter or amend the Court's August 14, 2009 decision, regarding the penalty amount. The Town has requested the Court to increase the penalty amount by at least $8,176.44 for a total penalty of $12,947.96, arguing that the Court had disregarded the December 2008 affidavit in calculating an appropriate penalty for the 2003 violations.

Vermont Rule of Civil Procedure 59(e), which is substantially identical to Federal Rule 59(e), "gives the court broad power to alter or amend a judgment on motion within ten days after entry thereof." Drumheller v. Drumheller, 2009 VT 23, ¶ 28 (citing V.R.C.P. 59, Reporter's Notes). Rule 59(e) is a codification of the trial court's "inherent power to open and correct, modify, or vacate its judgments." Id. (citing West v. West, 131 Vt. 621, 623 (1973)). Although there is no specific authorization in the civil rules or the rules applicable to environmental court for a motion to "reconsider" a decision, such motions are also treated as motions to amend or alter a decision under Rule 59(e). Appeal of Berezniak, No. 171-9-03 Vtec, slip op. at 3 (Vt. Envtl. Ct. Apr. 6, 2007) (Wright, J.).

A Rule 59(e) motion "allows the trial court to revise its initial judgment if necessary to relieve a party against the unjust operation of the record resulting from the mistake or inadvertence of the court and not the fault or neglect of a party." Rubin v. Sterling Enterprises, Inc., 164 Vt. 582, 588 (1996) (citing In re Kostenblatt, 161 Vt. 292, 302 (1994)). More specifically, the limited functions of a motion for reconsideration are "to correct manifest errors of law or fact on which the decision was based, to allow the moving party to present newly discovered or previously unavailable evidence, to prevent manifest injustice, or to respond to an intervening change in the controlling

5

law." In re Vanishing Brook Subdivision, No. 223-10-07 Vtec, slip op. at 4 (Vt. Envtl. Ct. July 10, 2008) (Wright, J.) (quoting 11 Wright, Miller, & Kane, Federal Practice and Procedure: Civil § 2810.0 (2d ed. 1995)); see also Appeal of Van Nostrand, Nos. 209-11-04 & 101-5-05 Vtec, slip op. at 4 (Vt. Envtl. Ct. Dec. 11, 2006) (Durkin, J.).

Although generally Rule 59(e) is considered an "an extraordinary remedy that should be used sparingly," In re Bouldin Camp – Noble Road, No. 278-11-06 Vtec, slip op. at 1 (Vt. Envtl. Ct. Sept. 13, 2007) (Wright, J.), it is certainly an appropriate mechanism for a party to use to call a court's attention to evidence that the party believes the Court inadvertently disregarded in making the decision.

The Town's motion argues that the Court "overlooked" the evidence in the December 2008 affidavit that the Town "incurred $10,902.91 in attorney's fees from December 2007 through November 2008 in preparing for and participating in the merits hearing in the [five cases] and in preparing and responding to motions and post-trial memoranda." Motion for Reconsideration and/or to Alter or Amend, at 2. The Town recognizes in the motion that, "based on the Court's entry of judgment in Defendant's favor in three of the above-captioned matters, that the Court will not reimburse the Town for the whole of the $10,902.91." Id. at 4. However, the Town now argues that $8,176.44 of the $10,902.91 expended from December 2007 through November 2008 should be attributed to the 2003 enforcement action and notice of violation appeal on which the Town prevailed, and therefore should be reflected in the penalty.

The Court has "broad discretion" under 24 V.S.A. § 4451(a) to determine the amount of penalty to assess for a zoning violation. Town of Hinesburg v. Dunkling, 167 Vt. 514, 528 (1998). In coming to a final amount, the Court may "balance any continuing violation against the cost of compliance and . . . consider other relevant factors, including those specified in the Uniform Environmental Enforcement Act." Hayford, 183 Vt. at 600 (citing In re Jewell, 169 Vt. 604, 606–07 (1999)); see 10 V.S.A. § 8010(b). The Court is permitted to formulate a penalty with regard to a town's

6

attorney's fees and costs, and is not "precluded from imposing a fine that exceed[s] a town's enforcement costs." Hayford, 183 Vt. at 600. However, the Court is not obligated to design a penalty "to allow a town to recover all of its out-of-pocket expenses." Dunkling, 167 Vt. at 529. Rather, "a precise determination of what will make the government whole again is sometimes 'difficult, if not impossible, to ascertain,' and therefore, 'the process of affixing a sanction that compensates the Government for all its costs inevitably involves an element of rough justice.'" Id. (quoting U.S. v. Halper, 490 U.S. 435, 449 (1989)).

In the present appeal, after considering all of the material evidence before it and assessing all of the legal arguments presented by the parties, the Court concluded that the Town had prevailed as to the 2003 violations, but not as to the 2007 violations. The Court therefore sought to calculate a penalty to reimburse the Town for its expenditures on enforcement of the 2003 violations without imposing a penalty related to the Town's expenditures on pursuing the 2007 violations.[5] The Court has again thoroughly reviewed the evidence and affidavits presented in all five cases in connection with the present motion.

In its calculation of an appropriate penalty in the August 2009 Decision, the Court fully considered both the January 2008 affidavit and the December 2008 affidavit. The Court used the January 2008 affidavit to calculate that the Town had expended $4771.52 on enforcement of the 2003 violations, during the period of those violations from April 24, 2003 through the end of January 2007. Recognizing that some portion of

---

[5] The Court concluded that a penalty beyond reimbursement of the Town's expenditures attributable to the 2003 violations litigation was not necessary, recognizing as mitigating factors "the history of litigation between these parties, including the fact that Mr. Tenney did obtain the permits required to install the mobile home and septic system on the rectangular parcel, and that he did prevail on the remaining enforcement matters," as well as the fact that "only a very minor portion of the violation remained (in Area C) after July 14, 2004." August 2009 Decision, at 11–12.

the trial preparation, trial, and post-trial expenses also would have been due to the 2003 rather than the 2007 violations, the Court searched the evidence and post-trial affidavits for some means of distinguishing the expenses attributable to the 2003 cases rather than to the 2007 cases on which the Town did not prevail. Based only on the January 2008 affidavit, the Court was prepared to make some rough allocation of the pretrial and trial litigation costs to attribute some percentage of those costs to the 2003 cases on which the Town prevailed. Absent the December 2008 affidavit, the Court could have used the amount of testimony about the 2003 violations as compared with the 2007 violations, or simply the number of cases on which the Town prevailed as compared with the total number of cases, to allocate the expenditures between the two groups of violations.

However, not only did the Town not provide any differentiation of its expenditures between the 2003 and the 2007 violations, it filed the December 2008 affidavit stating that the pre-trial, trial, and post-trial expenditures listed in it (from April 2007 through November 2008) were only attributed to the 2007 enforcement action (Docket No. 261-11-07 Vtec). In addition, the affidavit was submitted in conjunction with the default motion filed only in the 2007 enforcement action, not with the Town's Proposed Findings of Fact and Conclusions of Law.[6] Therefore the Court instead attributed to the 2003 litigation the costs incurred by the Town only through the January 2007 conclusion of the 2003 violations.

If the Town intended the December 2008 affidavit to cover both the 2003 and 2007 enforcement actions, rather than just the 2007 enforcement action, the affidavit could have so stated, in the same way that the January 2008 affidavit had stated that it was for "the Town's enforcement cases against Mr. Tenney." If the Town intended the

---

[6]     The Town's Proposed Findings of Fact and Conclusions of Law, also filed on December 19, 2008, stated, in ¶ 28, that "[t]he Town has incurred additional attorney's fees since the [January 24, 2008] merits hearing" and that "[t]he Town will submit an affidavit to substantiate said amounts." It made no reference to the affidavit filed that same date only with the motion for default in Docket No. 261-11-07 Vtec.

Court to attribute some portion of the expenditures in the December 2008 affidavit to the 2003 enforcement action, the affidavit could have so stated, or the Town could have provided other evidence of or argument on the proportion of the expenditures attributable to the two groups of cases. The Town did not provide such evidence.

However, recognizing that the December 2008 affidavit only showed expenditures beginning in April 2007 as commencing the expenditures attributed solely to the 2007 enforcement action, the Court also should have attributed to the 2003 enforcement case the amounts in the January 2008 affidavit from the end of January 2007 to April 2007. Accordingly, the Town's motion is granted in part, to add the amount of $785.05 (for the period from the end of January 2007 to April 2007) to the penalty assessed.

Otherwise, the Town has failed to identify any "manifest errors of law or fact on which the decision was based" or present any "mistake or inadvertence of the court" in imposing the penalty.[7] See Rubin, 164 Vt. at 588; In re Vanishing Brook Subdivision, No. 223-10-07 Vtec, slip op. at 4.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that the Town's Motion for Reconsideration and/or to Alter or Amend is GRANTED in the amount of an additional $785.05 in penalty, making the total amount of the penalty

---

[7] Beyond errors attributable to the Court that are appropriately the subject of this V.R.C.P. 59 motion, the Town has available to it V.R.C.P. 60(b) if it wishes to argue that the language of the December 2008 affidavit referencing only Docket No. 261-11-07, or its filing only with the default motion in that case, was due to mistake, inadvertence, surprise or excusable neglect of a party or party's representative (rather than of the Court), or for any other reason justifying relief from the judgment.

9

$5556.57. The motion is otherwise DENIED, again concluding the above-captioned cases.

On or before January 4, 2010, the Town shall provide a judgment order approved as to form.

Done at Berlin, Vermont, this 23rd day of December, 2009.

_____

Merideth Wright
Environmental Judge